FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 0 2005

　　　　　D. THOMAS, Clerk
　　　　J. Reed  Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUNSHINE MORTGAGE, :
CORPORATION, INC.,
　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.
v. :
　　　　　　　　　　　　　　　　　　　　1:04-CV-3395-MHS
LAWYERS TITLE INSURANCE :
CORPORATION,
　　　Defendant. :

### ORDER

Presently before the Court is plaintiff's motion for partial summary judgment. For the following reasons, the Court denies plaintiff's motion.

Background

Plaintiff Sunshine Mortgage Corporation, Inc., ("Sunshine") is in the business of making residential mortgage loans to individuals and families for the purchase of homes in Georgia and throughout the southeastern United States. Defendant Lawyers Title Insurance Corporation ("LTIC") issues title insurance policies and closing protection letters which indemnify lenders against certain losses. Sunshine has sued LTIC to recover its losses under a policy LTIC issued to Sunshine.

According to Sunshine, non-party Nathan Parker found property located at 3115 Rilman Road, Atlanta, Georgia, and agreed to purchase the property for $589,000.00. The owner and Parker entered into a contract for sale of the property for $950,000.00 with a "Special Stipulation" printed on a separate page of the contract that stated that the seller would assign all proceeds of the sale in excess of $589,000.00 to a third party named by Parker.

Using the name and social security number of Edward Lyons, a person who lived out of state and had excellent credit, Parker then applied to Sunshine for a loan for the purchase of the property. Sunshine agreed to make first and second mortgage loans to "Edward Lyons" in the amounts of $760,000.00 and $95,000.00, respectively, for a total loan of $855,000.00.

On July 13, 2001, LTIC issued Sunshine a Closing Protection Letter ("Letter") which set forth the terms of Sunshine's coverage under the policy. The Letter indemnified Sunshine for losses caused by the dishonesty or fraud of an "Issuing Agent" or an "Approved Attorney" or by failure of the "Issuing Agent" or "Approved Attorney" to follow Sunshine's written closing instructions. Sunshine issued closing instructions for the Lyons loan which

specified that Karen Moore was to be the closing agent. Moore was also responsible for obtaining the title and commitment for the Lyons loan.

On July 16, 2001, the closing took place. Sunshine contends that it was jointly handled by Moore and Sharel Payne, an attorney who practiced law with Moore at The Payne Group, P.C. LTIC contends that Payne handled the closing and Moore completed the title work for the Lyons loan. Sunshine alleges that during the closing Moore and Payne added false charges to closing statements to hide illegal payments that were actually made to Parker and others. Pursuant to the Special Stipulation, the sellers assigned $104,342.72 to "Tri-Star R.E.," but Sunshine alleges that Moore and Payne actually made the check out to "Nathan Parker d/b/a Tri-Star R.E." Sunshine alleges that this was the exact amount Parker needed to close the loan. Sunshine contends that Moore and Payne allowed Parker to take their escrow check to the bank and purchase an official check with it in the name of "Edward Lyons." Parker returned to Moore and Payne two days later to make the purchaser's down payment.

"Edward Lyons" immediately defaulted on the loan. Sunshine foreclosed and was able to sell the property for only $450,000.00. Sunshine

3

alleges losses totaling $577,315.77. On April 29, 2004, Sunshine submitted a claim for this amount alleging that its loss was covered by the Letter. Specifically, Sunshine contends that both Moore and Payne were Approved Attorneys under the Letter, and that its loss arose out of their failure to comply with Sunshine's written closing instructions and their fraud and dishonesty in handling Sunshine's funds and documents. When LTIC refused to pay the claim, Sunshine filed this action alleging breach of contract and bad faith failure to pay.[1]

Sunshine now moves for partial summary judgment on its breach of contract claim.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

---

[1] According to Sunshine, Payne has been disbarred for violating rules concerning the handling of a client's funds in another matter, and Moore's whereabouts are unknown. On January 27, 2005, Parker was indicted by a federal grand jury on charges of conspiracy, wire fraud, bank fraud, and the use of false social security numbers as part of a multi-million dollar mortgage fraud scheme, including the scheme related to the Lyons loan. Part of this scheme involved inflating appraisal values of property so that property is sold for more than it is worth, and the fraudulent purchaser pockets the difference.

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. Celotex, 477 U.S. at 323; Apcoa, Inc. v. Fidelity National Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. <u>Anderson</u>, 477 U.S. at 248. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. <u>Id.</u> The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." <u>Anderson</u>, 477 U.S. at 249-50. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of <u>every</u> element material to that party's case so as to create a genuine issue for trial.

<u>Discussion</u>

LTIC contends that summary judgment is inappropriate because there is no evidence that the attorneys, Sharel Payne and Karen Moore, either failed to follow Sunshine's closing instructions or acted with the intent necessary to establish either fraud of dishonesty. Further, LTIC argues that Payne is neither an "Authorized Attorney" nor an "Issuing Agent," and that her actions are therefore not covered by the Letter. In addition, LTIC contends that Sunshine's alleged loss is not the result of the attorneys' handling of Sunshine's funds or documents but was caused instead by the borrower's failure to repay the loan and Sunshine's own contributory negligence. Finally, LTIC argues that the deposition testimony offered by Sunshine in connection with its motion is hearsay and should not be considered by the Court.

The Court concludes that Sunshine is not entitled to partial summary judgment on its breach of contract claim. First, the Court concludes that Payne's and Lee Burdett's depositions are admissible even though they were taken in another proceeding. Sworn statements in a question-and-answer format made under oath and before a court reporter are as least as reliable as affidavits, and the Court may properly consider them on summary judgment. Bozeman v. Orum, 422 F. 3d 1265, *1 n.1 (11th Cir. 2005); see In

7

re Sunset Bay Assocs., 944 F.2d 1503, 1510 (9th Cir. 1991). In addition, the Court finds that LTIC had an opportunity to examine the deponents, and therefore the depositions from a different proceeding are admissible. See The Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 751 (11th Cir. 2002).

Second, the Court concludes that there are genuine issues of material fact as to whether Moore and Payne failed to follow Sunshine's closing instructions and whether they acted fraudulently or dishonestly. Sunshine contends that Moore and Payne failed to provide Sunshine with a complete contract for sale as required by the closing instructions, and that Payne fraudulently and deceitfully disbursed several hundred thousand dollars of the loan proceeds in a manner that was not consistent with the HUD-1 Settlement Agreement that Sunshine approved. However, LTIC cites Payne's testimony that she provided Sunshine with the only contract she ever saw, and that Sunshine orally authorized the HUD-1 used at closing. This evidence is sufficient to preclude summary judgment.

Third, the Court concludes that there is a genuine issue for trial as to whether Payne was an "Approved Attorney" whose actions were covered by the Letter. Sunshine relies on the fact that the address of the Approved

Attorney shown on the Letter is the address for Payne's law firm as well as the address listed as the "Place of Settlement" on the HUD-1 Settlement Statements, and that the closing was conducted there. Sunshine also relies on Payne's testimony that she was an authorized agent for LTIC at the time the Letter was issued. LTIC, however, points to the fact that the Letter referred only to Moore, not Payne, and that Payne did not fit the definition of either an "Issuing Agent" or "Authorized Attorney" because, according to Payne's testimony, it was Moore who did the title work on the Lyons loan. Once again, this evidence is sufficient to preclude summary judgment.

Finally, because the evidence is clearly in dispute on the foregoing issues, the Court need not address LTIC's additional argument that Moore's and Payne's actions were not the cause of Sunshine's loss.


## Summary

For the foregoing reasons, the Court DENIES plaintiff's motion for partial summary judgment [#19].

IT IS SO ORDERED, this 18 day of October, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A (Rev.8/82)